### J. B. KINE v. THE STATE.

No. 16643. Delivered April 25, 1934.

The opinion states the case.

*B. W. Baker* and *P. P. Long,* both of Carthage, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for arson; punishment, five years in the penitentiary.

The State relied for conviction upon the testimony of a witness who claimed to have participated in the buring of the house in question. The only corroborating evidence that we find in the record is that of a witness by the name of Roquemore, who testified that on the day of the alleged fire he saw appellant who informed him that the house had been burned. The witness said he asked appellant who burned the house, and appellant said he did not know. Said witness testified that he again asked ap-

pellant who burned the house, and cautioned him not to lie to him, and that appellant then said "Don't you tell it, but Mr. Henry Hall told me and Nood that he would give us fifty cents a piece to 'burn it up.' That is what he said; he did not say he burned it. He just said that Mr. Henry Hall told him that he would give them fifty cents a piece to set it afire." We are unable to bring ourselves to believe that this testimony furnishes corroboration sufficient to measure up to the statutory requirement. In order to be sufficient there must be some evidence aside from that of the accomplice, which of itself tends to connect the accused with the commission of the offense. We observe that the record shows that this witness was impeached by apparently a disinterested witness who said he saw Roquemore the day after the fire and asked him if he knew anything about who set the house on fire, and Roquemore said he did not. Of course the question of impeachment would not affect the jury's right to believe in the truth of the statement of the impeached witness, but we can not permit a conviction to stand upon testimony of such questionable sufficiency.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*